UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
DANIEL CHOI,                                                    )
                                                                              )
              Plaintiff,                                 )
                                                                              )
    v.                                                                   )   Civil Action No. 11-02002 (RBW)
                                                                              )
BRIAN BOND, et al.,                                            )
                                                                              )
                                                                              )
              Defendants.                             )
_____)

**ORDER**

      Plaintiff Daniel Choi, proceeding pro se, filed this case on November 14, 2011. After the plaintiff failed to serve the defendants named in the complaint within 120 days after the complaint was filed in accordance with Federal Rule of Civil Procedure 4(m), the Court issued an order directing the plaintiff to either submit proof of service on the defendants or to respond to the Court's order with "a statement showing good cause for his delay in serving the defendants and his estimation of when proper service upon the defendants will be achieved" and informing the plaintiff that his case would be dismissed without prejudice if he failed to respond to the order by July 20, 2012. ECF No. 2 at 1–2. On August 28, 2012, the Court entered an order dismissing this case without prejudice when the plaintiff failed to respond. ECF No. 3 at 1. The plaintiff's motion for reconsideration of the Court's dismissal of his case is currently before the Court. Lt. Daniel Choi's Response to Court's Order to Show Cause and Motion to Reconsider Order to Dismiss ("Mot.") at 1. For the following reasons, the Court concludes that it will grant the plaintiff's motion.

      The Court construes the plaintiff's motion as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), which permits a court to relieve a party from a final

judgment upon motion within one year of the entry of judgment due to, among other circumstances, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). In determining whether a litigant's actions constitute "excusable neglect," a court must consider: "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

In his motion, the plaintiff explains that he failed to respond to the Court's order because he "did not receive the order or any other correspondence" from the Court until October 17, 2012 because he moved several times between June and September 2012. Mot. at 1. He states that he "was occupied" with a criminal trial related to this litigation that was proceeding in this Court before Magistrate Judge John M. Facciola, and argues that the Court should grant him more time to serve the defendants in this case because his criminal case remains pending. Id. He also notes that he "was unsure whether to file the original civil action because of statutory limitations." Id.

The Court finds that the plaintiff's failure to respond to the Court's order constitutes excusable neglect that justifies vacating the Court's order dismissing this case. The potential of prejudice to the defendants here is low because the defendants have not yet expended any resources or taken any position with respect to this litigation. Approximately five and a half months elapsed between the Court's order and the plaintiff's motion and response, a delay which, while far from ideal, is not so large as to cause detriment to the defendants or significantly impact the orderly proceeding of this case. The stated reason for the delay, while entirely within the control of the plaintiff, would have been sufficient cause for the Court to grant a discretionary extension of the time to effect service under Federal Rule of Civil Procedure 4(m)

in light of the plaintiff's pro se status and the possibility that dismissal of his case will render his claims time-barred.  Finally, and perhaps most importantly, there is no indication that the plaintiff's failure to respond was in bad faith.

Turning now to the plaintiff's request for additional time to serve the defendants, the Court finds that an extension of time is warranted under these circumstances.  Under Rule 4(m), a court must grant an extension of time for service of process if the plaintiff has shown good cause and may grant an extension of time for such service in its discretion even when good cause is lacking.  See Fed. R. Civ. P. 4(m); Mann v. Castiel, 681 F.3d 368, 375–76 (D.C. Cir. 2012).  Good cause is shown "when some outside factor . . . rather than inadvertence or negligence, prevented service."  Mann, 681 F.3d at 374 (citation and quotation marks omitted).  A dismissal for failure to prosecute based on a plaintiff's failure to timely effect service "is appropriate . . . only when there is no reasonable probability that service can be obtained or there is a lengthy period of inactivity."  Angellino v. Royal Family Al-Saud, 688 F.3d 771, 775 (D.C. Cir. 2012) (quotation marks omitted).  And pro se litigants are afforded even greater latitude to correct defects in effecting service than litigants represented by counsel.  Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. Cir. 1993).  Moreover, a court must provide a pro se plaintiff with "fair notice of the requirements" for serving process, in addition to notice of the consequences of failure to comply.  Angellino, 688 F.3d at 778.

While the plaintiff has not shown good cause for the delay, a discretionary extension of time is appropriate because the plaintiff is proceeding pro se and has indicated that his claims may be barred by the statute of limitations.  The Court discerns no reason that the plaintiff would be unable to properly serve at least some of the defendants named in his complaint.  And while the plaintiff allowed his complaint to languish for approximately eight months without even attempting service on the defendants, this length of time is not sufficient to warrant dismissal of

3

his suit, particularly since the plaintiff represents that he did not actually receive notice of the Court's intent to dismiss the complaint if he did not serve the defendants or move for an extension of time to accomplish service. See Smith-Bey v. Cripe, 852 F.2d 592, 594 (D.C. Cir. 1988) (holding that eight months of inactivity does not, alone, warrant dismissal).

The Court notes, however, that a plaintiff, including one proceeding pro se, is expected to prosecute his case with reasonable diligence, see Breen v. LaHood, 597 F. Supp. 2d 84, 88 (D.D.C. 2009), and that a plaintiff's pro se status "does not constitute a license . . . to ignore the Federal Rules of Civil Procedure," Moore, 994 F.2d at 876 (quotation marks omitted). Furthermore, this Court's Local Rules require a plaintiff to file a notice of a change in address within fourteen days of the change so that a party will continue to receive court correspondence with minimal interruption. Local Civ. R. 5.1(e)(1).

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's motion for reconsideration is **GRANTED** and the Court's August 28, 2012 order dismissing this case is **VACATED** and this case is **REOPENED**. It is further

**ORDERED** that the plaintiff shall have sixty days to properly serve the defendants named in his complaint and to file proof of such service. If the plaintiff does not serve the defendants or move for an extension of time within this sixty-day period, the plaintiff's complaint shall be dismissed. The plaintiff is advised that dismissal without prejudice may affect the viability of his claim depending on the applicable statute of limitations. The plaintiff is further advised that the procedure for serving defendants in a civil action, including the procedure for serving defendants who are sued in an official capacity and in an individual capacity, is set forth in Federal Rule of Civil Procedure 4.

**SO ORDERED** this 14th day of June, 2013.

REGGIE B. WALTON
United States District Judge